UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br>2000 Pennsylvania Ave. N.W., #345<br>Washington, DC 20006<br>(310) 595-0800<br><br>        Plaintiff,<br><br>        v.<br><br>MARK ZUCKERBERG and FACEBOOK, INC.,<br>1601 S. California Ave.<br>Palo Alto, CA 94304<br><br>        Defendants. | Civil Case No. _____ |

## NOTICE OF REMOVAL

Defendants Facebook, Inc. and Mark Zuckerberg (collectively "Defendants") hereby remove this action from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants state as follows:

1.     Background – The plaintiff Larry Klayman commenced this action in the Superior Court of the District of Columbia, Civil Division, on March 31, 2011. Plaintiff asserts claims of assault and negligence, alleging that he was harmed by a user-created Facebook page entitled "Third Palestinian Intifada," which "called for an uprising" and "threaten[ed] that 'Judgment Day will be brought upon us only once Muslims have killed all the Jews.'" Compl. ¶ 7. Plaintiff served Facebook with the complaint and summons on April 21, 2011. Plaintiff attempted service

on Mr. Zuckerberg on April 21, 2011. Defendants have not answered or otherwise appeared in this matter in the Superior Court of the District of Columbia, Civil Division.

2. <u>Subject-Matter Jurisdiction</u> – This Court has subject-matter jurisdiction over this removed action pursuant to 28 U.S.C. § 1332.

(a) <u>Diversity of Citizenship</u> – There is complete diversity of citizenship among the parties. Plaintiff Klayman alleges that he is a resident of the District of Columbia. Facebook is a Delaware corporation that has its principal place of business in California. Mr. Zuckerberg is a citizen and resident of California.

(b) <u>Amount in Controversy</u> – The amount in controversy in this matter exceeds the jurisdictional threshold. The complaint explicitly seeks compensatory and punitive damages in an amount well in excess of $75,000, as well as injunctive relief. *See* Compl. at 7 (prayer for relief).

3. <u>Venue</u> – Although Defendants do not concede that venue is proper in the United States District Court of the District of Columbia, removal to this Court is proper under 28 U.S.C. § 1446(a) because this is the district embracing the court in which the action is now pending.

4. <u>Removal is Timely</u> – Plaintiff served Facebook with the complaint and summons on April 21, 2011. Plaintiff attempted service on Mr. Zuckerberg on that same date. Removal is therefore timely under 28 U.S.C. § 1446(b).

5. <u>Pleadings and Process</u> – As required by 28 U.S.C. § 1446(a), Defendants have attached copies of "all process, pleadings, and orders" served upon Defendants while this action was pending in the Superior Court of the District of Columbia, Civil Division. *See* Ex. A.

6. <u>Notice Given</u> – As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be served on plaintiff, and a copy will be filed with the Clerk of the Superior Court of the District of Columbia, Civil Division. A copy of this written notice is attached as Exhibit B.

7. <u>Non-Waiver of Defenses</u> – Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense, and Defendants reserve the right to assert all applicable claims and defenses, including jurisdictional and venue defenses, in response to the complaint.

WHEREFORE, Defendants Facebook, Inc. and Mark Zuckerberg remove this action from the Superior Court of the District of Columbia, Civil Division, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: May 10, 2011                                  Respectfully submitted,

                                        By: _____/s/ Craig S. Primis_____
                                        Craig S. Primis, P.C. (D.C. Bar No. 454796)
                                        KIRKLAND & ELLIS LLP
                                        655 Fifteenth Street, N.W.
                                        Washington, D.C. 20005
                                        Telephone: (202) 879-5000
                                        Facsimile: (202) 879-5200
                                        craig.primis@kirkland.com

                                        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Craig S. Primis, P.C., certify that on this date, May 10, 2011, I caused a true and correct copy of the attached Notice of Removal to be served by hand, by e-mail, and by certified mail on the following:

> Larry Klayman
> 2000 Pennsylvania Ave. N.W., #345
> Washington, DC 20006
> LKlayman@FreedomWatchUSA.org

                                                 _____
                                                 Craig S. Primis, P.C.

# EXHIBIT A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LARRY KLAYMAN
  Vs.                                         C.A. No.      2011 CA 002481 B
FACEBOOK, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN RAMSEY JOHNSON
Date: March 31, 2011
Initial Conference: 9:30 am, Friday, July 01, 2011
Location: Courtroom 519
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001                                    Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Larry Klayman
_____
Plaintiff

vs.

Facebook, Inc.
_____
Defendant

Case Number __0002481-11__

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Larry E. Klayman
Name of Plaintiff's Attorney

2000 Pennsylvania Ave. NW, #345
Address
Washington DC 20006

310-995-0806
Telephone

*Clerk of the Court*

By _Catrina B. Smith_
Deputy Clerk

Date _March 31, 2011_

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                             CASUM.doc

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Larry Klayman
_____
Plaintiff

vs.                                    Case Number  **0002481-11**

Mark Zuckerg + Facebook, IN
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Larry E. Klayman
_____
Name of Plaintiff's Attorney

2020 Pennsylvania Ave. NW #345
Address
Washington DC 20006

310-595-0800
Telephone

*Clerk of the Court*
By _____
Deputy Clerk

Date  March 31, 2011

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA CIVIL DIVISION

LARRY KLAYMAN,
2000 Pennsylvania Avenue NW, #345
Washington, DC 20006
Plaintiff,

v.

MARK ZUCKERBERG AND FACEBOOK, INC.,
1601 S. California Avenue
Palo Alto, CA 94304
Defendants.

Civil Action No. 0002481-11



RECEIVED
Civil Clerk's Office
MAR 3 1 2011
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec.11-921.

2. Plaintiff, Larry Klayman, is an American citizen of Jewish origin, who at all material times does business at 2000 Pennsylvania Avenue NW, #345, Washington, DC 20006 as the Chairman and General Counsel of Freedom Watch.

3. Defendant, Mark Zuckerberg, is an individual who at all times mentioned herein resides in California.

4. Defendant, Facebook, Inc., is a New York corporation, who at all material times has corporate headquarters in Palo Alto, California, and engages in social networking via the internet. In the recent film "Social Network," Hollywood depicted the questionable business and ethical practices of its alleged founder, Defendant Mark Zuckerberg. While Facebook is innovative and has done much good, it can also be used a vehicle for bad purposes, and that is the case in this instance. Facebook and Zuckerberg have made huge amounts of money based on their success

1

and the revenues generated by the huge and growing viewership of Facebook. Viewership is growing fast and exponentially, particularly in the Middle East, for obvious reasons dealing with the Islamic revolution there, and efforts by opposition groups to overthrow governments and establish a Palestinian state on the West Bank, and other matters. Palestinians have threatened the destruction of Israel and the Jewish people if they do not get this state on the West Bank. This is coupled with centuries of hatred by radical Palestinians against the Jewish people, manifesting itself in at least three wars – all of which they lost – since Israel was established by the United Nations in 1948.

5. Defendants do business in the District of Columbia (DC) and their Facebook is widely viewed and read here, including by radical Palestinians and other such Muslim and anti-semitic interests residing in DC and the Metropolitan area, as well as around the world.

6. Plaintiff, at all material times, has a Facebook account, titled Larry Klayman.

7. Plaintiff has encountered the Facebook page titled "Third Palestinian Intifada" (Intifada FB Page) through the use of his above-named Facebook page. This Intifada FB Page at all material times calls, and called for an uprising beginning on May 15, 2011, after Muslim prayers are completed, announcing and threatening that "Judgment Day will be brought upon us only once Muslims have killed all the Jews." This Intifada FB Page has had over 360,000 participants. According to reports, three similar FB Intifada pages have come up with over 7,000 subscribers. In the last days, the Public Diplomacy Minister of Israel, Yuli Edelstein, accurately stated in a letter to Facebook founder Mark Zuckerberg that the Intifada FB Page featured "wild incitement" with call to kill Jews and talk of liberating Jerusalem through violence. He asked that Mark Zuckerberg and Facebook take down the page and similar and related pages, but Defendants refused, obviously to boost Facebook's circulation and revenues, as this page created

enormous controversy and thus viewership. It also resulted in Facebook adding large amount of additional users to its site, particularly in the Middle East and elsewhere.

8. Thus, the Intifada FB Page, and related and similar pages on Facebook openly advocate an intifada against and thus death to persons of Jewish origin.

9. An Intifada is commonly described as a violent revolt by Muslims against non-Muslims, particularly against Jews.

10. There have been two previous Intifadas against people of Jewish origin by radical Palestinians. The first occurred between 1987 and 1993, and resulted in the civilian death toll of 164 Jews. The second occurred between 2000 and 2005 and resulted in the civilian death toll of 1,115 Jews. The threats and terrorist attacks on Jews have taken place and continue even without regard to formal Intifadas. In the last weeks, there have been two terrorist attacks, killing even Jewish children.

11. Plaintiff, Larry Klayman, is a public interest human, civil and individual rights activist who is "active" in matters concerning the security of Israel and all people, including but not limited to Jews, Christians and Muslims who believe in freedom, and the rights of persons of all races and religions to not be discriminated against, to live in peace, worship as they wish as long as they do not harm others, and the rights of man not to be harmed in any way on the basis of national and religious origins. Under the organization Freedom Watch, Inc., Plaintiff has recently filed suit in the Supreme Court of New York to enjoin the building of a mosque at Ground Zero, which is allegedly a front for terrorist-related interests, and/or would create a nuisance as it would draw more activities relating to terrorism to the Ground Zero neighborhood and New York City. In response, the Imam of this mosque, Imam Feisal Rauf, effectively issued a Fatwah against Mr. Klayman and his client, Vincent Forras, a famous and brave First Responder who was buried

under the rubble at Ground Zero on September 11, 2001. Mr. Forras was nearly killed, and now because of chemical poisoning and other contamination at Ground Zero, is fatally ill and taking over 23 medications. Mr. Klayman and Mr. Forras, who is also Jewish, were branded publicly by Rauf, importantly a Muslim cleric, to the Muslim/Palestianian world an enemy of Islam in the New York Post, all over the internet and in other publications read by Palestinians and other radical Muslims in particular. This was a signal to severely cause bodily harm to, or kill, Mr. Klayman and Mr Forras, and it signals to the Palestinians, many of whom reside in Washington, D.C., and throughout the United States, to do so during a Third Intifada. Plaintiff is a highly visible and well known lawyer, advocate, writer, television and radio commentator, and pubic figure who is a recognized expert on terrorism and the Middle East. He is widely known in the Muslim/Arabic world for his support of Israel and has been called by it a "Zionist." See and Google.

12. When Mark Zuckerberg and Facebook were initially asked to remove the Intifada FB Page and related pages, they refused for many days, on information and belief to boost their revenues and the net worth of Facebook, which they have been marketing through the "legally challenged" firm of Golman Sachs which has been under federal and state investigation for its unethical and potentially illegal business practices which caused in part the current and on-going economic crisis worldwide. Now – after many days where significant damage has already been done -- they have for the time being begrudgingly done so, but on information and belief only for a short while, given the pressure brought by concerned persons and entities around the world, including Plaintiff. In effect, Defendants, Zuckerberg and Facebook, to further their revenues and the net worth of Facebook, which is traded by Goldman Sachs and other investment firms, are joint tortfeasors and acting in concert in the on-going threats and assaults on Plaintiff and other Jews.

This is so because the threats and damage are continuing and are "out there," having been published and continuing to be republished on the internet worldwide, and elsewhere. According to the Intifada FB page, and the continuing republication of it, the attacks on Jews and others will commence on or about May 15, 2011 and are imminent. That is why the Defendants must be preliminary and permanently enjoined now, so as not to increase the harm they have already allowed to occur and participated in. Plaintiff believes in free speech, but free speech is not free speech when it is designed and intended to harm others physically and by death, constituting a clear and present danger. Defendants, by furthering this conduct, may increase the viewership, revenues and net worth to Facebook and themselves, but otherwise do harm to Plaintiff and those similarly situated. The Israeli Public Diplomacy Minister Yuli Edelstein has been quoted as saying, " I welcome that decision although I am sure more cat-and-mouse games (by Defendants and the Palestinians) await us…"

13. Plaintiff reserves his right to amend this complaint and convert it into a class action in the public interest.

## COUNT I - ASSAULT

14. Plaintiff incorporates paragraphs 1 to 13 of this Complaint as if fully alleged herein.

15. Given the violent history of Intifadas as described in Paragraph 9, the Facebook page titled "Third Palestinian Intifada," and other related and similar sites, amount to a threat of the use of force against non-Muslims, and particularly Jews, who are public figures like Plaintiff who, as alleged above, have already had a de facto Fatwah issued against him and who is a target to be harmed and/or killed by radical Muslims, many of whom exist in the Palestinian community.

16. Given the violent history of Intifadas as described in Paragraph 9, the Intifada Facebook Page and other related and similar sites have caused Plaintiff reasonable apprehension of severe bodily harm and/ or death.

17. Defendants, each and every one of them, jointly and severally, have intentionally, violently, and without just cause assaulted Plaintiff for their own financial gain. As depicted in the award winning film "Social Network," Defendant Zuckerberg in particular lacks strong ethical and moral character, having cheated his partners out of their shares and/or ownership in Facebook early on, for which he was forced to pay large settlements once sued. Now, for financial reasons, he has marketed, used, and allowed to be used, Facebook against the interests of his own people, the Jewish people, and Plaintiff. Plaintiff was damaged thereby, particularly since he is a public figure who is well known and highly visible and has fought against the terrorist and nefarious purposes of these Palestinian and other related Arabic extremists. See [illegible] and Google.

## COUNT II – NEGLIGENCE

18. Plaintiff incorporates paragraghs 1 through 17 of this Complaint as if fully alleged herein.

19. As a subscriber to Facebook and as a member of the public, Defendants owed Plaintiff a duty of care, which they violated and breached by allowing and furthering the death threats by the Third Palestinian Intifada, and related and similar sites. In particular, the refusal by Defendants to remove these postings when they were asked to do so by the Government of Israel, Plaintiff and others who were directly affected, further underscores their negligence, gross negligence and recklessness, which rises to the level of wanton and intentional conduct.

20. Plaintiff was thereby damaged.

WHEREFORE, Plaintiff demands the judgment for preliminary and permanent injunctive relief against each of the Defendants, and respectfully requests this court to enjoin Defendants from allowing the Facebook page titled "Third Palestinian Intifada," and other related and similar sites, which advocate violence and death to Jews, like Plaintiff and others, from operating on facebook.com, now and in the future. Plaintiff also prays for compensatory and punitive damages in an amount in excess of $1,000,000,000.00 (One Billion Dollars), plus an award of attorneys fees and costs.

Plaintiff prays for a trial by jury of all claims so triable.

Respectfully submitted,

Larry Klayman
DC Bar No.: 334581
2000 Pennsylvania Avenue NW, #345
Washington, DC 20006

Pro Se

# EXHIBIT B

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| LARRY KLAYMAN, <br> 2000 Pennsylvania Ave. N.W. #345 <br> Washington, DC 20006, <br><br> Plaintiff, <br><br> v. <br><br> MARK ZUCKERBERG and FACEBOOK, INC. <br> 1601 S. California Ave. <br> Palo Alto, CA 94304 <br><br><br> Defendants. | **C.A. No.:** 2011 CA 002481 B <br><br> Judge John Ramsey Johnson <br> Next Court Date July 1, 2011 <br> Event: Initial Conference |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendants Facebook, Inc. and Mark Zuckerberg hereby provide notice that they filed a Notice of Removal with the United States District Court for the District of Columbia on May 10, 2011. A copy of this filed Notice of Removal is attached as Exhibit 1. The filing and service of this Notice effects removal of this case, and the Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Dated: May 10, 2011                              Respectfully submitted,

                                                 /s/
                                                 ———————————————————
                                                 Craig S. Primis, P.C. (D.C. Bar No. 454796)
                                                 Kirkland & Ellis LLP
                                                 655 Fifteenth Street, N.W.
                                                 Washington, D.C.  20005
                                                 Telephone: (202) 879-5000
                                                 Facsimile: (202) 879-5200
                                                 craig.primis@kirkland.com

                                                 *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I, Craig S. Primis, P.C., certify that on this date, May 10, 2011, I caused a true and correct copy of the attached Notice of Removal to be served by hand, by e-mail, and by certified mail on the following:

>Larry Klayman
>2000 Pennsylvania Ave. N.W., #345
>Washington, DC 20006
>LKlayman@FreedomWatchUSA.org

>/s/
>Craig S. Primis, P.C.