**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LARRY KLAYMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 11-874 (RBW) |
| MARK ZUCKERBERG, and FACEBOOK, INC., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

On September 16, 2011, the Court dismissed this case with prejudice and ordered that it be closed.  Sept. 16, 2011 Order at 2, Klayman v. Zuckerberg, No. 11-cv-874 (RBW) (D.D.C.) ("Sept. 16, 2011 Order").  The plaintiff has filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  Plaintiff's Motion to Reconsider Dismissal with Prejudice ("Pl.'s Mot.") at 1.  The September 16, 2011 Order resulted from the plaintiff's failure to file an amended complaint in accordance with the parties' joint stipulation.  Sept. 16, 2011 Order at 1.  In their joint stipulation, which was submitted to the Court on July 20, 2011, the parties had agreed that the plaintiff could file an amended complaint and that the defendants would have until August 5, 2011, to answer or otherwise respond to the amended complaint.  Joint Stipulation and Order ("Stip.") ¶¶ 1-2.  The plaintiff never filed an amended complaint with the Court, despite apparently sharing an amended complaint with the defendants.  See Aug. 19, 2011 Order, Klayman v. Zuckerberg, No. 11-cv-874 (RBW) (D.D.C.) ("Aug. 19, 2011 Order") (noting that the defendants' motion to dismiss references an amended complaint, but that an amended complaint had not been filed with the Court).  On August 19, 2011, the plaintiff was ordered to

file his amended complaint by August 22, 2011.  Id. at 2.  Furthermore, the plaintiff was explicitly warned that a failure to do so might result in the dismissal of his case under Federal Rule of Civil Procedure 41 for a failure to prosecute.  Id. at 2, n.1.  Nevertheless, the plaintiff failed to file his amended complaint with the Court by August 22, 2011.  Sept. 16, 2011 Order at 1.  In accordance with its prior warning, this Court dismissed the case.  Id. at 2.

Rule 59(e) motions are "not routinely granted."  Harvey v. Dist. of Columbia, 949 F. Supp. 878, 879 (D.D.C. 1996).   See also El-Shifa Pharm. Indus. v. United States, Civ. No. 01-731, 2007 WL 950082, at *1 (D.D.C. Mar. 28, 2007) ("[T]he reconsideration and amendment of a previous order [pursuant to Rule 59(e)] is an unusual measure.").  Furthermore, "[m]otions under Rule 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotations omitted).

The plaintiff asserts that it was manifestly unjust for the Court to dismiss the case with prejudice because he believed in good faith that he had, in fact, filed the amended complaint.  Pl.'s Mot. at 1-2.  However honest this belief was before August 19th, the plaintiff cannot rely on it as an excuse for failing to comply with the August 19, 2011 Order.  That Order gave the plaintiff an opportunity to properly file his amended complaint—which he had already apparently drafted, shared with the defendants, and, he believed, filed with the Court—by August 22, 2011.  Aug. 19, 2011 Order at 1-2.  The Order made the plaintiff aware of his mistake and gave him sufficient time to correct it.  Furthermore, the plaintiff is, in his own words, "a

highly visible and well known lawyer," Complaint at 12, and the Court assigns him knowledge of the filing process and deadlines commensurate with that experience. Moreover, as an attorney, the plaintiff is not entitled to the deference typically shown pro se litigants. See Ning Ye v. Holder, 644 F.Supp.2d 112, 114-15 (D.D.C. 2009) ("Although pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings, this consideration does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure, nor is it of much consolation to plaintiff, since he is a practicing attorney.") (internal quotation marks and citations omitted). Thus, the plaintiff's assertion that it was unjust for this Court to dismiss the case in light of his failure to comply with the August 19, 2011 Order is without merit. After August 19th, the plaintiff knew that the amended complaint had not been filed, and he failed, despite this knowledge, to rectify his failure by August 22nd, as directed by the Court, or for that matter by September 16th, when the case was dismissed.

   In a vein seemingly contradictory to his first argument, the plaintiff also argues that the Court should reconsider its Order of dismissal because he honestly believed that the original complaint would stand if he did not file an amended complaint. Pl.'s Mot. at 2. However, an examination of the docket in this case shows that the plaintiff never relied on such a belief. The plaintiff shared an amended complaint with the defendants, and when the defendants filed a motion to dismiss the amended complaint—which they believed had been filed—the plaintiff filed a reply to that motion with this Court. Id. at 2. At every step after believing he had filed the amended complaint, the plaintiff proceeded as though the amended complaint—and not the original complaint—would govern. Therefore, the docket wholly contradicts the plaintiff's contention that he had an honest belief that the original complaint was still valid.

Finally, the plaintiff asserts that the Court's dismissal with prejudice was manifestly unfair because his failure to file the amended complaint was not the result of bad faith. Id. at 5. Dismissal with prejudice is exceptional because it "operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation of them." Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006) (quoting Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995) (internal quotation marks omitted)). However, Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may issue a dismissal order "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Unless the dismissal order states otherwise, a dismissal under Rule 41 "operates as an adjudication on the merits." Fed. R. Civ. Pro. 41(b). The Supreme Court has equated "adjudication on the merits" with dismissal "with prejudice." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505–06 (2001). Thus, a dismissal under Rule 41 is presumptively made with prejudice. Furthermore, in this case, the Court explicitly dismissed with prejudice after the August 19, 2011 Order made it clear that the dismissal would be under Rule 41. Aug. 19, 2011 Order at 1-2.

In spite of the circumstances that resulted in the dismissal of this case, the plaintiff asks this Court to balance the merits of his case against his good faith failure to comply with the August 19, 2011 Order. Pl.'s Mot. at 4. Although the Court does not give credence to any of the plaintiff's arguments, in light of the policy that, whenever possible, cases should be decided on their merits and not on procedural technicalities, see, e.g., Jackson v. Beach, 636 F.3d 831 (D.C. Cir. 1980) (noting the policy of "favoring the resolution of genuine disputes on their merits"), the Court will reinstate the plaintiff's case. However, the Court will order that the plaintiff compensate the defendants for the costs of filing its motion to dismiss the amended complaint, as this is an expense the defendants would not have incurred, but for the actions of the plaintiff.

Accordingly, it is hereby

**ORDERED** that the plaintiff's motion for reconsideration is **GRANTED**.  It is further

**ORDERED** that the plaintiff shall compensate the defendants for the costs they incurred in filing their motion to dismiss the amended complaint.  The defendants must submit an itemized statement of the expenses paid to have the motion filed on their behalf if reimbursement for this expense is requested.  It is further

**ORDERED** that, in light of the plaintiff's failure to file his amended complaint, the complaint filed in the District of Columbia Superior Court and removed by the defendants to this Court on May 10, 2011 shall be the operative pleading in this case.  Finally, it is further

**ORDERED** that the defendants shall answer or otherwise respond to the May 10, 2011 complaint on or before April 13, 2012.

**SO ORDERED** this 23rd day of March, 2012.

REGGIE B. WALTON<br>United States District Judge